# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**RAYMOND THOMAS LATSON,**

    **Plaintiff,**

**vs.**                                                                                                  **CASE NO. 1:03CV148-SPM/AK**

**JANICE SPANN, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that the Defendants were deliberately indifferent to his serious medical needs. (Doc. 27). Specifically, he claims that on May 3, 2003, he injured his left knee and ankle playing football at North Florida Reception Center and went immediately to the emergency room where he alleges Defendant Menefee examined him, ordered x-rays, and determined that he would need to see an orthopedic specialist. Instead, Plaintiff says he was transferred to Washington CI, where he was unattended for four to five weeks, although he contends that he submitted several sick call requests to Janice Spann. Finally, Plaintiff claims he was examined by Defendant Lance Hughes, who told him there was

no orthopedic specialist there to examine him, and he would have to submit another sick call to Janice Spann.  Plaintiff claims that he submitted several sick call requests to Defendant Hughes, Hagan and Rudolph, but no one responded.  Plaintiff claims that he filed grievances and appealed them to the highest level and was finally sent to RMC to meet with the specialist, but was returned to Washington CI without seeing one.

All of the named defendants Hughes, Rudolf, Hagan and Menefee (doc. 52) have responded to the complaint, except Janice Spann, and a motion for summary judgment was filed.  (Doc. 43).  The undersigned recommended that summary judgment be denied because the medical records submitted in support of Defendant's position were incomplete and otherwise supported Plaintiff's version of the facts that his serious knee injury was not treated.  This report and recommendation was adopted (doc. 66), and this cause has proceeded with discovery.

On September 30, 2004, the Court ordered that Defendant Spann be served with the Third Amended Complaint through the specially appointed process server at Washington Correctional Institution (doc. 30), but summons was returned un-executed on her, and a new address was provided for her.  (Doc. 38).  Summons was again issued for her at the new address (doc. 35), and service was completed by certified mail.  (Doc. 36).  Plaintiff requested entry of default when Defendant Spann did not respond to his complaint (doc. 70), which the Clerk entered (doc. 77), and mailed to her at the last known address provided by the institution (doc. 33).  (Doc. 78).  This notice was returned as undeliverable.  (Doc. 86).

**No. 1:03cv148-spm/ak**

Although there are several viable claims asserted against Defendant Spann, this case can go forward without her, and at this point, there is nothing further the Court can do to serve this Defendant with process.  It is therefore **RECOMMENDED** that Defendant Spann be **DISMISSED** as a defendant in this cause.

**IN CHAMBERS** at Gainesville, Florida, this **17th** day of November, 2005.

> **s/ A. KORNBLUM**
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:03cv148-spm/ak**